THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Antonio Brown, Respondent,
 v.
 South Carolina
 Department of Corrections, Appellant.
 
 
 

Appeal From Richland County
 Paige J. Gossett, Administrative Law
 Judge
Unpublished Opinion No.  2009-UP-605
Submitted November 2, 2009  Filed
 December 22, 2009
REMANDED

 
 
 
 Antonio Brown, pro se, for Appellant.
 Robert Wesley Jacobs, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  The South Carolina Department of
 Corrections (the Department) appeals the Administrative Law Court's (ALC)
 dismissal of Antonio Brown's disciplinary conviction. The Department contends
 the ALC erred in dismissing the case because it complied with all ALC
 procedural rules in preparing its appeal.  We remand.[1]          
The ALC dismissed the Department's case pursuant to
 ALC Rule 59, holding the Department failed to comply with the rules of
 procedure in its appeal.  This was error.  
ALC Rule 59 sets forth the time limits to file the
 record for an appeal of a prison disciplinary conviction:

 Within forty-five (45) days of the date the case is
 assigned to an Administrative Law Judge (date of assignment), the agency shall
 file the record with the court, including a statement of the contents of the
 record, unless the time for filing the record is extended by the Administrative
 Law Judge assigned to the appeal. 

ALC Rule 53(A) sets forth the requirements for filing
 a document: 

 The date of filing is the date of delivery or the date
 of mailing as shown by the postmark or by the date stamp affixed by the mail
 room at the appellant's correctional institution.  Any document filed with the
 Court shall be accompanied by proof of service of such document on all
 parties.  A document, pleading, or motion or other paper is deemed filed by the
 Court by:
 (1)  delivering the document to the Court; or
 (2)  by depositing the document in the U.S. mail,
 properly addressed to the Court, with sufficient first class postage attached.  
 

In the case at bar, on February 28, 2008, the ALC gave
 the Department a 90-day extension to file the record on appeal with the court. 
 The Department maintains it properly filed the documents on May 13, 2008, via
 U.S. mail, well within the deadline for filing provided by the ALC.  In support
 of its proposition, the Department submitted a letter establishing it mailed
 the record on appeal to the ALC on May 13, 2008.  Because evidence in the
 record suggests that the Department properly complied with the applicable time
 limits, we remand the case to the ALC for an evidentiary hearing to determine
 if the Department made a good faith effort to timely file the record on appeal.  See ALC Rule 62 ("Upon the motion of any party, or on its own
 motion, an Administrative Law Judge may dismiss an appeal for failure to comply
 with any of the rules of procedure for appeals, including the failure to comply
 with any of the time limits . . . . Notwithstanding the time frames established
 herein, the Administrative Law Judge has the discretion to determine that a
 document is timely filed upon a finding that the party who filed the document
 made a good faith effort to file the document within the applicable time
 limits.").  
REMANDED.

WILLIAMS,
 PIEPER, and LOCKEMY, JJ., concur.  

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.